CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
JUN 18 1999
Robert M. March
CLERK

DISNEY ENTERPRISES, INC.

Plaintiff,

vs.                                    No. CIV 96-1200

MEL FOSTER KLEIN, dba
ARIZONA WHOLESALE WATCH
COMPANY and also dba ARIZONA
WATCH WORKS,

Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER COMES UP on Plaintiff's third Motion for Sanctions pursuant to Fed. R. Civ. P. 37. Defendants have not responded. I am satisfied that Defendants were properly served with the motion and are aware of it, and I have purposefully reserved ruling on the motion to give Defendants every opportunity to answer it. I see no reason to wait further. I have reviewed the motion and the record, and I find and conclude that both demonstrate good cause for the motion to be granted and a final judgment, including a permanent injunction, to enter.

Defendants stopped participating, responding and appearing in this case at least two years ago. In 1996, Mel Foster Klein answered the Complaint pro se. Afterward, a magistrate judge entered a scheduling order and directed the parties to submit a discovery plan. The plan submitted by Plaintiff's counsel indicates he was unable to reach Mr. Klein. Subsequently, the magistrate judge set a discovery schedule with appropriate deadlines. Mr. Klein filed a Motion to Dismiss the case in June, 1997, but never conducted any discovery, never responded to Plaintiff's discovery requests, and never met any of the discovery deadlines set by orders of the

magistrate judge . Neither did Mr. Klein appear for his deposition, after proper and timely notice. Plaintiff filed a motion to compel discovery and a motion for sanctions in November, 1997, but Defendants again did not respond. The motion for sanctions, supported by an affidavit of counsel, recites several unsuccessful attempts to contact Defendant and requests a default judgment.

By Memorandum Opinion and Order dated January 27, 1998, ruling on the motion to compel discovery was reserved and Defendant Mel Foster Klein was ordered to show cause within thirty days why the case should not be dismissed pursuant to Rule 37. By Memorandum Opinion and Order dated March 6, 1998, Plaintiff's motion to compel discovery was deemed moot, by reason of Mr. Klein's failure to respond to the order to show cause, and it was ordered that default be entered against Defendants on the issue of liability.

In August, 1998, Plaintiff moved for a scheduling order and to compel discovery so that he could proceed on the issue of damages. Plaintiff again stated his unsuccessful attempts to contact Mr. Klein. In granting the motion, Mr. Klein was ordered to provide discovery pursuant to Fed. R. Civ. P. 26. Subsequently, Mr. Klein was also ordered to identify expert witnesses and submit a pretrial order. Mr. Klein did not respond in any way; and Plaintiff filed another motion for sanctions.

I find that Defendants have exhibited only indifference and defiance to this lawsuit and have refused to participate or respond to court orders. I find that Defendants blatant neglect and failure to cooperate is knowing and willful. Pursuant to Rule 37, I find that Mel Foster Klein has failed to attend a properly noticed deposition, has failed to comply with numerous pretrial orders addressing discovery issues, has provided no pretrial discovery, no trial information, and no

responses to the Plaintiff or the court. Further, I find that Defendants have obstructed and compromised Plaintiff's ability to prepare its case.

Both a default judgment in the amount of ninety thousand dollars and an injunction, as requested in the Complaint, are fair and appropriate. The amount of damages requested in the Complaint is reasonable. Pursuant to Fed. R. Civ. P. 37, and as authorized pursuant to Title 17 U.S.C. section 504(c), Title 15 U.S.C. sec. 1117, and 1978 N.M.S.A. Sec. 57-12-10, I find that sanction of Defendants and entry of a judgment which grants Plaintiff the relief requested in the Complaint is just and proper.

NOW, THEREFORE, IT IS ORDERED that a judgment be entered in favor of Plaintiff in the amount of ninety thousand dollars ($90,000), with reasonable attorneys fees and costs incurred as a result of this action.

IT IS FURTHER ORDERED that entry of judgment include a permanent injunction as requested in the Complaint, enjoining and restraining Defendants from infringing Plaintiff's copyrights or dealing with unauthorized products which infringe Plaintiff's copyrights, and directing Defendants to destroy or deliver for destruction all unauthorized products, labels, signs, simulations, reproductions and other materials in their possession or under their control bearing any Disney copyright or trademark.

_____
SENIOR UNITED STATES JUDGE